IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH MORRIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FEDERAL BUREAU OF PRISONS B.O.P.'S | : | NO. 12-1766 |

M E M O R A N D U M   A N D   O R D E R

Plaintiff, a prisoner at Carswell Federal Medical Center, seeks to bring a civil action in forma pauperis,[1] without prepayment of fees or security therefor, asserting claims pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the Act, a prisoner bringing a civil action in forma pauperis must pay the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(1). The prisoner must submit a certified copy of her inmate trust fund account statement for the 6-month period immediately preceding the filing of her complaint so the Court can determine how the $350 filing fee will be paid. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which she was or is confined. Id. The Court must then "assess [the prisoner's financial status] and, when funds exist, collect, as a partial

---

[1] Suits brought in forma pauperis are governed by 28 U.S.C. § 1915.

payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-- (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ."

Based upon plaintiff's financial information, an initial partial filing fee of $11.10 is assessed. The Warden or other appropriate official at the Carswell Federal Medical Center, or at any prison at which plaintiff may be confined, will be directed to deduct $11.10 from plaintiff's inmate account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania. Thereafter, each time that the balance in plaintiff's inmate account exceeds $10, an amount no greater than 20 percent of the money credited to plaintiff's account during the preceding month will be deducted and forwarded to the Clerk of Court until the filing fee is paid.

Plaintiff may not have known when she brought this action that she must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the

Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get her filing fee back.[2]

The Court shall give plaintiff twenty (20) days from the date of this order to decide whether she wants to proceed with this case. If by that time, plaintiff decides not to proceed with the case, she need not pay the $350 filing fee.

Accordingly, it is, this 7th day of May, 2012, hereby ORDERED that:

1. Plaintiff must inform the Court within twenty (20) days if she wishes to proceed with this action and thereby obligate herself to pay the $350 filing fee; and

2. This case shall remain CLOSED for statistical purposes.

**BY THE COURT:**

_____
LAWRENCE F. STENGEL, J.

---

[2] In deciding whether to proceed with this action, plaintiff should note that her request for immediate release to "Direct Home" in the State of Delaware is a form of relief that is only available in a habeas action, and not in an action brought under 42 U.S.C. § 1983. Preiser v. Rodriguez, 411 U.S. 475 (1973).